IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                    PLAINTIFF

      v.                           Civil No. 5:20-cv-05087

JUDGE JEFF HARPER; and
JOHN DOE ARRESTING OFFICERS,
Springdale Police Department                                                          DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff, Michael Todd Bailey ("Bailey"), pursuant to 42 U.S.C. § 1983. Bailey proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity

### I.  BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 6), on either February 23rd or February 24th of this year, Bailey was subjected to a traffic stop by the John Doe Officers of the Springdale Police Department. Bailey alleges the arresting officers had been following him, harassing him, stalking him, and chasing him for no reason. Bailey further alleges the arresting officers were prejudiced against him. Bailey contends excessive force was used against him. He also maintains that he was not given his *Miranda* rights.

Bailey alleges he had gone several days without sleep, was under the influence of drugs, but was nevertheless forced to go to court. He maintains he was not given a court date or an opportunity to talk to an attorney. Bailey alleges he woke up on a bench next to the courtroom

and did now know where he was or why he was there.

Bailey indicates he went before Judge Harper. Bailey contends there was a conflict of interest between his felony cases in Washington County and the Springdale charges. Bailey alleges Judge Harper sentenced him to 120-days after making personal remarks and harassing him.

As a result of Defendants' actions, Bailey alleges he is now having anxiety attacks, is paranoid, and has missed work for three months. Bailey seeks compensatory damages in the amount of $250,000 and punitive damages in an unspecified amount.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A.  Claims Against Judge Harper

Judge Harper is the judge who presided over the criminal proceedings brought against Bailey in Springdale. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

The only allegations Bailey has made against Judge Harper is that he is the judge presiding over the criminal case, did not handle the case in the manner Bailey thought it should be handled, and made personal remarks and harassed him. Clearly, Bailey has made no allegations that Judge Harper took any actions that were non-judicial or taken without jurisdiction.

Bailey's claims against Judge Harper fail as he is immune from suit.

### B. The *Miranda* Claims

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the United States Supreme Court held that the Fifth Amendment privilege against self-incrimination prohibits the admission into evidence of statements given by a suspect during " custodial interrogation."  In general, once an individual invokes his right to counsel custodial interrogation must cease.  *Moran v. Burbine*, 475 U.S. 412, 433 n.4 (1986).  If statements obtained during custodial interrogation are not used against a party, there is no constitutional violation.  *Davis v. City of Charleston*, 827 F.2d 317, 322 (8th Cir. 1987).  "[A] litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards. . . . [Th]e remedy for a *Miranda* violation is the exclusion of evidence of any compelled self-incrimination, not a section 1983 action."  *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (internal quotation marks and citations omitted).

Bailey's *Miranda* claims fail to state claims upon which relief may be granted.

### IV.  CONCLUSION

For the reasons stated above, the claims against Judge Harper and the *Miranda* claims are **DISMISSED WITHOUT PREJUDICE** on the grounds that they are asserted against an individual immune from suit and fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).

Bailey is herby directed to file a Second Amended Complaint against the John Doe Officers. The **Clerk** is directed to send Bailey a form § 1983 complaint.  In the Second Amended Complaint, Bailey should provide the Court with any information he may have that would assist in identifying the John Doe Officers.  He should also set forth the facts regarding his excessive force claim, his harassment claim, and the conduct that led him to conclude the officers were

4

prejudiced against him. Bailey is directed to file the Seconded Amended Complaint by **July 3, 2020**.

    IT IS SO ORDERED this 11th day of June 2020.

*/s/ P.K. Holmes, III*
    P. K. HOLMES, III
    U.S. DISTRICT JUDGE