IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                                          PLAINTIFF

v.                                            Civil No. 5:20-cv-05087

OFFICER ASHLEY BOOTH and
OFFICER CHRIS SANDERS                                                                                  DEFENDANTS

### ORDER

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff, Michael Todd Bailey, filed his *pro se* civil rights action under 42 U.S.C. § 1983 on May 15, 2020. (ECF No. 1). Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) was granted on the same day. (ECF No. 3).

On September 29, 2020, the Court entered an Order noting that Plaintiff had failed to file a change of address notice indicating that he has now been released from custody. (ECF No. 24). The Court's Order states: "If Plaintiff wishes to proceed with this lawsuit, he is directed to pay the $350.00 filing fee and $50 administrative fee or resubmit an *in forma pauperis* ("IFP") application which reflects his free-world financial status, no later than October 13, 2020. Plaintiff's failure to do so will result in dismissal of this lawsuit." (*Id.*). Plaintiff failed to resubmit an IFP application or pay the filing fee.

An Order to Show Cause was entered on October 19, 2020. (ECF No. 29). Plaintiff was given 21 days to show cause why he failed to obey the Order of the Court. The Order further states: "If Plaintiff fails to respond by the deadline, this case shall be subject to dismissal." (*Id.*). The Plaintiff has not responded to the Court's Order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1

1984).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter.  Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 18th day of November 2020.

> */s/ P. K. Holmes, III*
> P.K. HOLMES, III
> U.S. DISTRICT JUDGE